[No. 39902.     Department One.     April 10, 1969.]

*In the Matter of the Adoption of* PATRICE ELANE LYBBERT *et al., Minors.*

JOHN R. HANSEN *et al., Respondents,* v. ROBERT W. LYBBERT, *Appellant.*\*

\*Reported in 453 P.2d 650.

*W. Edward Allan,* for appellant.

*Ries & Kenison,* by *Ralph Kenison,* for respondents.

OTT, J.†—February 7, 1967, John R. Hansen and Lois E. Hansen, his wife, petitioned the Superior Court for Grant County for an order of abandonment in an adoption proceedings as provided by RCW 26.32.040. The petition alleged that Patrice Elane Lybbert, Brian R. Lybbert, and Gregg Weston Lybbert, minor children born to the union of Robert W. Lybbert and Lois E. Lybbert (now Hansen), had been abandoned by Robert W. Lybbert following their divorce and that John R. Hansen be authorized, without the consent of the natural father, to petition for the adoption of said children. The petition was heard April 3, 1967, and all parties appeared personally with counsel. The trial court, after hearing and considering the evidence and arguments of counsel, entered findings of fact and conclusions of law in favor of the Hansens.

The trial court essentially found that Robert W. Lybbert and Lois E. Lybbert were divorced on March 21, 1958; the divorce decree awarded the care, custody, and control of the three minor children, then ages 4, 3, and 1 respectively, to Lois E. Lybbert, subject to reasonable visitation rights by Robert W. Lybbert; the decree directed Robert W. Lybbert to pay to Lois E. Lybbert the sum of $150 per month

†Judge Ott is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

for the support of the minor children; Lois E. Lybbert and John R. Hansen were married on June 22, 1958, and have since lived together as husband and wife, and John R. Hansen is a fit and proper person, a good provider, and has assumed all the parental obligations towards the children; the three children have lived in the home of John R. Hansen and have used the name of Hansen in school, church, and generally in the community, and John and Lois Hansen have two natural children who also live in the family home; Robert W. Lybbert has totally failed to support the children from the entry of the divorce decree on March 21, 1958, until the commencement of the instant action on February 7, 1967, at which time he paid the sum of $150; since the divorce Robert W. Lybbert has had earnings averaging approximately $6,000 per year, and on two occasions has sold property providing him with sufficient money to pay all support then due; Robert W. Lybbert has failed to evidence sufficient interest in the children for a period of nearly 9 years; and Robert W. Lybbert, although aware of the divorce decree, did not make his whereabouts known to Lois E. Hansen until February 11, 1962. From these findings the trial court concluded:

> That the Respondent, Robert W. Lybbert, has made a denial of the relationship of parent-children, and has failed to support the children and has failed to evidence sufficient interest or affection for the children and has therefore abandoned the children, Patrice Elane Lybbert; Brian R. Lybbert; and Gregg Weston Lybbert, and his consent to the adoption is therefore unnecessary and the Petitioners should be granted an order of abandonment.

From the entry of the order adjudicating abandonment, Robert W. Lybbert has appealed.

There is no substantial factual dispute. We are therefore here concerned with whether the court's findings of fact support its conclusion and judgment. Appellant in his brief on appeal stated, "it is Appellant's position that he has not intentionally abandoned his children within the meaning of the statute." The statute, RCW 26.32.040, provides in part:

No consent for the adoption of a minor shall be required as follows:

. . .

(4) From a parent who has been found by a court of competent jurisdiction, upon notice as herein provided to such parent, to have deserted or abandoned such child *under circumstances showing a wilful substantial lack of regard for parental obligations;* . . .
(Italics ours.)

The legislature, by this statute, defined abandonment on the part of a parent to have been established when the circumstances show a "wilful substantial lack of regard for parental obligations". What constitutes "parental obligations"? In construing statutory language the words must be given their usual, ordinary, commonly accepted and full meaning. *Parkhurst v. Everett,* 51 Wn.2d 292, 318 P.2d 327 (1957); *State v. Rinkes,* 49 Wn.2d 664, 306 P.2d 205 (1957). The commonly understood general obligations of parenthood entail these minimum attributes: (1) express love and affection for the child; (2) express personal concern over the health, education and general well-being of the child; (3) the duty to supply the necessary food, clothing, and medical care; (4) the duty to provide an adequate domicile; and (5) the duty to furnish social and religious guidance.

It is the general rule that courts zealously guard the integrity of the natural relation of parent and child, and when severance of that relationship is sought because of violation of statutory mandates, such statutes must be strictly construed. *In re Lease,* 99 Wash. 413, 169 Pac. 816 (1918), and cases cited. The severance of the parental relationship is a highly important decision. However, this court has for many years adhered to the rule that the dominant consideration is the moral, intellectual and material welfare of the child or children, and that the parental relationship itself must be subordinate to these considerations. *In re Day,* 189 Wash. 368, 65 P.2d 1049 (1937); *In re Potter,* 85 Wash. 617, 149 Pac. 23 (1915).

In the instant proceeding, Robert W. Lybbert is not attempting to gain custody of his children from their

mother. His purpose in resisting the petition is to preserve his status as the legal parent of his natural children. In this regard his position is considerably subordinate to that of a parent who is attempting to regain custody of his children from one having no parental status. *See In re Ward,* 39 Wn.2d 894, 239 P.2d 560 (1952); *In re Day, supra.*

With reference to the welfare of the children, the record establishes that from the time they were ages 4, 3, and 1 respectively until they were 13, 12, and 10, that they considered John R. Hansen as their father. They used the name Hansen in school, church, and the general community. Together with the two natural children of John and Lois Hansen they form a family unit. To change this existing status would disrupt and hamper the children's normal social development. Likewise, after such a long period of time, visitation by their natural father could now do nothing but upset and confuse them. Applying the established rule of law and weighing the interests of appellant against those of the children, giving the greater emphasis to the latter, it is clear that the mere legal right of the parent must yield to the paramount interests of the children's welfare.

Appellant contends that he did not intentionally abandon his children. However, his failure to make known his whereabouts for a period of 4 years, from the date of his divorce on March 21, 1958, until February 21, 1962, was an intentional abandonment. Furthermore, his failure to remit monthly support for the care of his children for a period of 9 years, when he had ample earnings to do so, constituted willful conduct. Although appellant expressed a belief that his former wife neither needed nor would accept child support, he never attempted to pay anything until the time of this proceeding.

The legislature by the enactment of RCW 26.32.040 has decreed that the natural relationship of parent and child can be severed when parental abandonment of the child has existed under circumstances showing a willful substantial lack of regard for parental obligations. From March 21, 1958, to February 21, 1962, appellant showed a total

disregard for his parental obligations. We are then concerned only with whether, in the subsequent 5 years, the one letter written by appellant's present wife in 1962 without his knowledge or consent, his sending a Christmas gift on two occasions, his visitation for 1 hour in January 1967, and the payment of $150 support money after this proceeding was commenced, constituted a willful substantial lack of regard for his parental obligations. We conclude that appellant's described conduct satisfies the legislative standard by which the parental relationship may be severed. We hold that the trial court did not err in entering its findings of fact that appellant had abandoned his children and its order that his consent was unnecessary for their adoption.

The judgment is affirmed.

FINLEY, WEAVER, ROSELLINI, and NEILL, JJ., concur.

*Reported in 453 P.2d 654.