[No. 3150-1.    Division One.    December 29, 1975.]

*In the Matter of the Adoption of*
MARNIE ANN WEBB.
GAIL ANN WEBB, *Respondent*, v. DONALD A. WEBB,
*Appellant.*

*Robert B. Taub,* for appellant.

*Roberts, Shefelman, Lawrence, Gay & Moch* and *David B. Sweeney,* for respondent.

FARRIS, J.—Donald and Gail Webb were divorced by a decree entered on June 23, 1971. Under the provisions of the decree, custody of their minor child, Marnie Ann, was awarded to the mother, subject to the father's right to reasonable visitation. In addition, the father was ordered to pay $100 per month as child support until Marnie reached majority or became emancipated, and $200 per month as temporary alimony for a period of 24 months or until the mother obtained permanent full-time employment.

On November 6, 1971, the mother married Robert M. Hamlin. Thereafter, on December 10, 1973, the Hamlins filed a joint petition seeking the court's permission for the stepfather to adopt Marnie. The petition asserted that the natural father had abandoned Marnie and contended that his permission was therefore not required for the adoption. RCW 26.32.040(4). In his answer to the petition, the father denied the allegation of abandonment, argued that the mother had denied him his visitation rights, and counterclaimed for an order clarifying and enforcing visitation. Following a hearing on May 14, 1974, the trial court ruled that the natural father's consent was not necessary for the adoption. The father appeals.

RCW 26.32.040(4) provides in pertinent part:

No consent for the adoption of a minor shall be required as follows:

. . .

(4) From a parent who has been found by a court of competent jurisdiction, upon notice as herein provided to such parent, to have deserted or abandoned such child under circumstances showing a wilful substantial lack of regard for parental obligations;

In applying this statute, the Supreme Court in *In re*

*Adoption of Lybbert*, 75 Wn.2d 671, 674, 453 P.2d 650 (1969) concluded:

The legislature, by this statute, defined abandonment on the part of a parent to have been established when the circumstances show a "wilful substantial lack of regard for parental obligations". What constitutes "parental obligations"? In construing statutory language the words must be given their usual, ordinary, commonly accepted and full meaning. *Parkhurst v. Everett*, 51 Wn.2d 292, 318 P.2d 327 (1957); *State v. Rinkes*, 49 Wn.2d 664, 306 P.2d 205 (1957). The commonly understood general obligations of parenthood entail these minimum attributes: (1) express love and affection for the child; (2) express personal concern over the health, education and general well-being of the child; (3) the duty to supply the necessary food, clothing, and medical care; (4) the duty to provide an adequate domicile; and (5) the duty to furnish social and religious guidance.

It is the general rule that courts zealously guard the integrity of the natural relation of parent and child, and when severance of that relationship is sought because of violation of statutory mandates, such statutes must be strictly construed. *In re Lease*, 99 Wash. 413, 169 Pac. 816 (1918), and cases cited. The severance of the parental relationship is a highly important decision. However, this court has for many years adhered to the rule that the dominant consideration is the moral, intellectual and material welfare of the child or children, and that the parental relationship itself must be subordinate to these considerations. *In re Day*, 189 Wash. 368, 65 P.2d 1049 (1937); *In re Potter*, 85 Wash. 617, 149 Pac. 23 (1915).

With this statutory and judicial framework in mind, we consider the father's assignments of error.

The father first contends that the trial court erred in entering finding of fact No. 11:

For approximately fourteen months prior to February, 1974, with the exception of a one-half hour visit, Mr. Webb did not exercise his visitation privileges and took no initiative to do so. His visitation privileges were not significantly interfered with or denied. During that same period Mr. Webb gave no presents to Marnie and did not pay any attention to her or express any concern over her welfare.

He argues that it is not supported by the evidence. He submits that the trial court overlooked two visits during December of 1972 which were listed in finding of fact No. 10 and disregarded the testimony of his sister to the effect that he visited Marnie for 15 minutes in January of 1973. He also contends that the 14-month period covered by the finding arbitrarily excludes three weekend visits during February, March and April of 1974. In addition, the father argues that he attempted to visit Marnie during the period reflected in the finding, but was prevented from doing so by the mother. Finally, he submits that he gave Marnie a birthday present in September of 1973.

In reviewing a finding of fact entered by a trial court, our function is limited to determining whether the finding is supported by substantial evidence. If it is, it will not be disturbed on appeal. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 575, 343 P.2d 183 (1959). Although we find substantial evidence in the record which supports the challenged finding, there are additional reasons why the arguments advanced by the father must be rejected. First, in regard to the contention that in entering finding of fact No. 11 the court overlooked the two visits which occurred during December of 1972, it should be noted that the word *approximately* was used to describe the time period. Secondly, since the two visits *were* included in finding of fact No. 10, there is no basis for finding any prejudice to the father. As to the contention that the trial court erred in not including the father's alleged visit with Marnie during January of 1973, the trial court, and not the court on appeal, determines the weight to be given to the testimony of the father's sister on that point. Further, we disagree that the 14-month period reflected in the finding arbitrarily excludes the weekend visits during February, March and April of 1974. These visits were included in finding of fact No. 10. Finding of fact No. 11 is designed to focus on the period from the last visit in December of 1972 until the first visit after the petition for adoption was filed. We find no error in that presentation of the facts. The

father's contention that the mother interfered with his visitation rights was presented to the trial court for resolution on conflicting evidence. There is substantial evidence in the record to support its resolution of the issue.

Finally, while the record contains no specific refutation of the father's testimony that he gave Marnie a birthday present in September of 1973, that question was also one of fact for the trial court.

The father next challenges finding of fact No. 12:

> Considering the circumstances of the parties hereto in their entirety, Mr. Webb has shown a willful substantial lack of regard for his parental obligations to Marnie, including the obligation to express love and affection for her, to express personal concern over her health, education and general well-being, to furnish social and religious guidance to her, and to furnish her with the necessary support insofar as his circumstances would permit.

The father contends that this finding largely restates the material contained in finding of fact No. 11 in argumentative terms. We disagree. The finding represents a reasonable inference from the preceding findings of fact. Since the majority of the statements included in the finding arise from the father's visitation record which has already been discussed at length, those points will not be reiterated. The final statement regarding the failure of the father to provide support to the extent that his circumstances would permit was not discussed earlier. The unchallenged findings of fact on this issue can be summarized as follows. In regard to the father's income, the trial court found: (1) that he had been employed at Pacific Car & Foundry from June through October of 1971 at a salary of $680 per month, (2) that he had been unemployed from October of 1971 through September of 1972 during which time he had received $280 per month in unemployment compensation benefits, and (3) that he had been enrolled in the Renton Vocational School from September of 1972 to the time of trial and had been receiving a total of $261 per month in benefits from the Veterans Administration, of which $37 to $41 per month was designated for the support of his minor

child. On the issue of child support, the court's findings indicate that the father paid: (1) a total of $500 from May through September of 1971, (2) nothing during the remainder of 1971 or the calendar year 1972, (3) a total of $161 from January through May of 1973, and (4) nothing from June of 1973 to the date of trial. While the father received from $37 to $41 per month for Marnie's support from September of 1972 through the time of trial on May 14, 1974, he paid a total of only $161 during that period, with no payments being made during the 6 months before the petition for adoption was filed on December 10, 1973, or during the 5 months before trial on May 14, 1974. We therefore find that finding of fact No. 12 is supported by substantial evidence.

The father next challenges the trial court's conclusion that he had abandoned Marnie as that term is used in RCW 26.32.040 (4) and that therefore his permission was not required for the adoption. The record contains substantial evidence supporting the trial court's findings that the father (1) failed to visit Marnie for approximately 1 year prior to the time this action was commenced and (2) failed to pay over the support money he received from the Veterans Administration for approximately 6 months prior to the time this action was commenced. Our review of the trial court's conclusion therefore turns on the question of whether such conduct constitutes desertion or abandonment as defined in RCW 26.32.040 (4).

In considering this issue, we have carefully reviewed *In re Sego*, 82 Wn.2d 736, 513 P.2d 831 (1973); *In re Adoption of Lybbert*, 75 Wn.2d 671, 453 P.2d 650 (1969); *In re Hancasky*, 66 Wn.2d 680, 404 P.2d 762 (1965); *In re Adoption of Dobbs*, 12 Wn. App. 676, 531 P.2d 303 (1975); *In re Maypole*, 4 Wn. App. 672, 483 P.2d 878 (1971). We recognize that the relationship which exists between a parent and child is of primary importance and should not be terminated in the absence of clear, cogent, and convincing evidence of abandonment. *In re Adoption of Dobbs*, *supra* at 681, citing *In re Sego*, *supra*. However, that relationship,

as important as it is, must be considered with due regard to the general welfare of the child involved. *In re Adoption of Lybbert, supra* at 674. We find that the father's conduct here is of the *kind* described in the relevant prior cases involving RCW 26.32.040(4), but not of the *duration* found in those decisions. *See In re Adoption of Dobbs, supra; In re Adoption of Lybbert, supra.* The question then is how long must a parent engage in a course of conduct which shows a willful and substantial lack of regard for his or her obligation to his or her child before a court can properly conclude that the statutory requirement has been satisfied. No time period is specified in the statute. We therefore hold that the question is one for the trial court which has the parties before it and is in the best position to analyze all of the factors which go into the ultimate conclusion that RCW 26.32.040(4) has been satisfied. Upon the record before us, we find no abuse of discretion in the court's ruling on that issue.

Affirmed.

WILLIAMS, C.J., and JAMES, J., concur.

Petition for rehearing denied April 20, 1976.

Review denied by Supreme Court July 27, 1976.