[No. 5476–1. Division One. January 16, 1978.]

*In the Matter of the Welfare of*
TINA A. HARNEY.

*Peter E. Paget,* for appellant.

*William G. Jenkins,* for respondent.

FARRIS, C.J.—Julia Ann Harney appeals from an order permanently depriving her of all parental rights and interest in her daughter, Tina A. Harney.

On April 16, 1976, the mother brought her daughter, Tina, born November 27, 1973, to Group Health Cooperative Hospital in Seattle and requested that she be relieved of responsibility for care of the child as she had insufficient funds for food, clothing and soap. Tina's physical condition (about which there is no dispute) was cause for concern and the child was placed on the same date in a receiving home. On May 5, 1976, she was placed in a foster home. On June

18, 1976, Catholic Charities of the Archdiocese of Seattle filed a petition for dependency pursuant to RCW 13.04.010(2), which provides that a dependent child is a child under the age of 18 years

> Who has no parent, guardian or other responsible person; or who has no parent or guardian willing to exercise, or capable of exercising, proper parental control; . . .

On October 25, 1976, Robert C. Nickels, an attorney and Tina's court appointed guardian ad litem, filed a petition for permanent deprivation of parental rights. The mother asserts that her due process rights were violated by (1) the appointment of a guardian ad litem who acted as an advocate for permanent deprivation, (2) the application of a standard of proof of less than beyond a reasonable doubt, and (3) the failure of the juvenile court to specify the subsection of RCW 13.04.010 under which it found that Tina was a dependent child.

■ We reject the argument that a guardian ad litem must remain neutral in deprivation proceedings. The function of a guardian ad litem is to represent the interest of the child. *In re Dunagan,* 74 Wn.2d 807, 447 P.2d 87 (1968); *In re Price,* 13 Wn. App. 437, 535 P.2d 475 (1975). When those interests conflict with the interests and desires of the parents, the guardian ad litem necessarily becomes an advocate against the parents' position. Here, the guardian, in the exercise of his judgment, determined that Tina's welfare was best served by permanent deprivation of parental rights. The mother was afforded an opportunity to assert a contrary position and to have counsel represent her in the proceedings. Her due process rights were not violated by the court's appointment of a guardian ad litem who properly represented what he considered to be Tina's interests.

■■ It is argued that the interest of a parent in the custody and control of a minor child is as great as the interest in freedom and life itself, *In re Luscier,* 84 Wn.2d 135, 524 P.2d 906 (1974), and, therefore, the burden of proof which must be met before one's child can be taken

away should be equal to that which must be met in criminal cases. While we do not minimize the rights of a natural parent, those rights require the discharge of certain parental responsibilities. Children are not chattels. Parental rights are measured against the discharge of parental responsibilities; the welfare of the child is always the primary consideration. *See In re Snyder,* 85 Wn.2d 182, 532 P.2d 278 (1975).

> The commonly understood general obligations of parenthood entail these minimum attributes: (1) express love and affection for the child; (2) express personal concern over the health, education and general well–being of the child; (3) the duty to supply the necessary food, clothing, and medical care; (4) the duty to provide an adequate domicile; and (5) the duty to furnish social and religious guidance.

*In re Adoption of Webb,* 14 Wn. App. 651, 653, 544 P.2d 130 (1975), *quoting In re Adoption of Lybbert,* 75 Wn.2d 671, 674, 453 P.2d 650 (1969). Before a parent is permanently deprived of all parental rights and interests in a minor child, the ultimate fact in issue must be shown to be "highly probable." *In re Sego,* 82 Wn.2d 736, 739, 513 P.2d 831 (1973). The standard of proof, though less than "beyond a reasonable doubt," is a heavy standard. It must be strictly met. The record reflects that the burden was met here. The question was not whether the mother discharged her parental obligations to her child. She did not and asserted that she could not. The cause and duration of her deficiency was the issue to be resolved. The trial court after reviewing the evidence found as a fact:

> Julia Ann Harney continues to be a severely disorganized and emotionally disturbed individual; even with psychotherapy her prognosis is poor. It is unlikely that she will be capable of parenting the child appropriately. Despite the availability of counseling and psychotherapy and the encouragement and support of three separate agencies over the past two and one–half years Julia Ann Harney has and continues to refuse to participate in any program or course of treatment designed to improve her condition.

Finding of fact No. 20. There is clear, cogent and convincing evidence to sustain the juvenile court's order permanently depriving the mother of the care, custody and control of Tina. *See In re Sego, supra.*

 The failure to state in the order of permanent deprivation the subsection of RCW 13.04.010 under which Tina was found to be a dependent child is not "fatally defective." Subsection 2 was explicitly set out in the petition for dependency. It was also paraphrased in both the court's oral decision and its written findings. The basis of the ruling is clear; there was no denial of the mother's due process rights. *See Todd v. Superior Court,* 68 Wn.2d 587, 414 P.2d 605 (1966).

Affirmed.

JAMES and WILLIAMS, JJ., concur.

Reconsideration denied February 28, 1978.

Review denied by Supreme Court August 25, 1978.