MEMORANDUM OF DECISION
This case presents co-terminous petitions of neglect and termination of the parental rights to a six month old boy, Israel R., born on March 6, 1997 to Marianela M. and Israel R, Sr., his biological parents. Also presented is a petition for the termination of the parental rights of the mother to her daughter, Marializ M., born July 23, 1993 and another son, Alberto M., born December 12, 1994. This petition seeks termination of the parental rights of Israel R., Sr. to his daughter, Marializ M. only. The identity of the biological father of Alberto M. is unknown, despite efforts to ascertain this father's identity. Also pending is a motion for transfer of guardianship of Israel R. to father's aunt, Marta S.
The court finds that the mother and father, Israel R, Sr. have appeared and have court appointed attorneys. Mother has had a guardian ad litem appointed for her. Both mother and Israel R., Sr. did not appear at trial, but all counsel were present and participated. As the identity and whereabouts of the father of Alberto M. are unknown, the petitioner, the Department of Children and Families, (hereafter "Department") has withdrawn all allegations as to him. The court finds it has jurisdiction in these matters and that there is no pending action affecting custody of the children in any other court. The court further finds that reasonable efforts have been made to reunite the two CT Page 8650 older children with their mother and as to Israel R., such efforts were not appropriate due to the parents' actions.
Preliminarily, the court will address the father's motion for transfer of guardianship to his aunt Marta S. As no evidence was presented to the court concerning the suitability of Marta S. as a guardian for Israel R., the motion is denied by the court.
The court, having read the verified petitions, the social studies, the various documents entered into evidence, and having heard the testimony of two witnesses, social workers for the Department, makes the following findings by clear and convincing evidence.
The parental rights of respondent mother and father to an older sibling of Israel R. and Marializ M. were terminated on July 1, 1996 by order of the court (Keller, J.) upon a petition of the Commissioner of the Department of Children and Families. (Petitioner's exhibit 7). The younger two children, Marializ and Alberto were adjudicated neglected on January 22, 1996 and committed to the custody and care of the Department of Children and Families. Both have been in supportive foster homes, Marializ since August 8, 1994 and Alberto since March 17, 1995. Marializ suffers from microcephaly and has significant developmental delays. She was removed from her mother's care when seven months old when diagnosed as a "failure to thrive" baby. She has had a feeding tube implanted in her stomach to aid in her feeding and as of March 3, 1997 was still using it. (Petitioner's Exhibits 3, 5, 6). Alberto was born at home after 26 weeks of gestation and is a medically fragile child. He weighed one and half pounds at birth, has had six gastrointestinal surgeries and is fed through a tube implanted in his stomach. Israel, when born, had a hypospadias condition and sacro dimple and has required surgery to correct the first condition. All three children require specialized care. (Petitioner's Exhibits 3, 5, 6).
With Respect to the Father of Israel R. and Marializ M.: (IsraelR., Sr.)
This twenty-seven year old father has not supported his son and daughter. He has not had any physical involvement with the children nor has he demonstrated any active interest in the children. He has an extensive criminal history dating back to 1987. He also has problems with drug addiction. He has consistently failed to follow up on visitation offered to him. He CT Page 8651 requested a visit with Marializ in 1994, but never called to arrange for such a visit. Thereafter he was incarcerated and was released from incarceration in 1996. He had two supervised visits with Marializ on August 20, 1996 and October 25, 1996. He has had no stable residence and at times during the pendency of the petitions, his whereabouts have been unknown. He has taken no interest in his youngest child, Israel R. and has never visited with him since his placement in a foster home four days after his birth on March 10, 1997. Nor did he attend the Order of Temporary Custody hearing for Israel on March 21, 1997. Extensive efforts were made by the DCF worker Efraim Franco to locate Israel R., Sr. in early September, 1997 prior to the court hearing, as set forth in Petitioner's Exhibit 1. Those efforts were unsuccessful.
The court finds that if Israel were to be released to his father, he would either be homeless or such home would not be able to provide the specialized care which his physical and emotional needs for nurturance require. Connecticut General Statutes § 46(b)-120(9). He is an "uncared for" child in the contemplation of the statute and as alleged in the neglect petition.[2]
"The commonly understood general obligations of parenthood entail these minimum attributes: (1) express love and affection for the child; (2) express personal concern over the health, education and general well-being of the child;. . . . and (5) the duty to furnish social and religious guidance." In re JuvenileAppeal (Docket 9489), 183 Conn. 11, 15, 438 A.2d 801 (1981) quoting In re Adoption of Webb, 14 Wash. App. 651, 657,544 P.2d 130 (1975). This court finds that the father took no action to maintain a relationship with his children; he did not visit them; he did not communicate with them; he did not provide guidance; he did not express concern. His two visits with his daughter were late and ineffectual as far as his relationship with this child is concerned. He has had no contact with his son, Israel, since March 10, 1997. These two children have no relationship with him, nor he with them. He has, by his conduct, failed to achieve such a degree of personal rehabilitation as would encourage the belief that within a reasonable period of time, considering the age and needs of these children, he could assume a responsible position in the life of either child. See In re Felicia D,35 Conn. App. 490, 646 A.2d 862 (1994), In Re Luis C., 210 Conn. 157, 167,554 A.2d 722, (989). As noted, his rights to an elder sibling of Marializ and Israel were previously terminated by the Department, CT Page 8652 all facts within the contemplation of Connecticut General Statutes § 17a-112 (c)(3)(E).
With Respect to the Children's Mother: (Marianela M.)
Marianela, the children's mother, is 23 years of age. She has a history with the Department dating back to 1992 due to neglect of her children. She herself was also part of the system and was committed on August 28, 1987 at the age of 13 as a result of being sexually abused by Israel R. Sr., the father of two of these three children. Some of her siblings have been in foster care in the past. As of March 31, 1997, one of her siblings, who is mildly retarded, was committed to the Department. Mother continues to live with her own mother, who also has a history with DCF. Mother has been diagnosed with an organic brain dysfunction and her low functioning impairs her ability to effectively parent any child. Her intellectual limitations are such that mother cannot meet her own basic needs, her hygiene is poor and at least on one occasion she could not reliably remember her own phone number or home address. She has never been married and lives under the protection of her mother without any ability to be an independent person. She did not complete her high school education and has only sporadically been employed.
Given mother's limitations, she was examined by Dr. Walter A. Borden, who as of June 20, 1995, found her to be competent to participate in legal proceedings regarding her children. (Respondent's Exhibit 4). There was no evidence at trial as to any change in her historical level of functioning.
Mother did not attend the trial, but her counsel brought to the court's attention the steps he had taken to assure her attendance, including a trip to her home the morning of the trial. The court finds that mother was aware of the trial date and its location.
Marianela has had four children by two fathers, all out of wedlock. All four children have been removed from her care and her parental rights to the oldest child have been terminated. The remaining three children are the subject of these petitions.
The Department's social worker, Lucia Aguirre-Cardenas testified that many referrals were made to different services such as the Institute for Hispanic Families, United Cerebral Palsy to improve life skills, VNA service to improve her hygiene CT Page 8653 problems and Hispanic Health Council for her prenatal care during her most recent pregnancy. Marianela has consistently refused services, stating that she does not need them. The witness said that she repeatedly explained matters to Marianela in Spanish and provided her written instruction as to what steps to take with respect to visitation and her interaction with the children. She also testified that the mother and grandmother were questioned a number of times about the identity of Alberto's father, but could provide no information whatsoever as to his identity.
Supervised visitation with the children has been sporadic and during such visitation mother has behaved inappropriately, for example peeking under Marializ's shirt to observe the feeding tube, and trying to feed her a "cheese doodle", which would be dangerous for the child to eat, given her limitations. On some occasions she brought other members of her extended family with her to visitation and showed no interest in interaction with Marializ and Alberto. Mrs. Aguirre-Cardenas testified that the quality of the visits were poor and that mother had no real understanding of the children's needs. Mother was unable to comply with the expectations set for her when her two older children were removed from her care. Mother both understood and signed a copy of those expectations. (Petitioner's Exhibit 2). A new schedule of visitation was set for Marializ and Alberto on January 27, 1997. Mother visited once on January 29, 1997 and has had no contact with these two children since that time. March 10, 1997 was her last contact with Israel when he was just four days old. She did not attend the hearing on the order of temporary custody after Israel's removal from her care. No visitation plans have therefore been made for her since that time. Israel has been placed in a loving and nurturing foster home and is doing well.
The evidence supports the finding by clear and convincing evidence that Marianela M. has failed to achieve such a degree of personal rehabilitation as would encourage the belief that within a reasonable period of time, considering the age and needs of these children, she could assume a responsible position in the life of any of her remaining three children. See In re Felicia D,35 Conn. App. 490, 646 A.2d 862 (1994), In Re Luis C.,210 Conn. 157, 167, 554 A.2d 722, (1989).
Adjudication
 1. Neglect Petition as to Israel R.:
CT Page 8654
With respect to the youngest of the three children, Israel R., now six months old, the court finds by a preponderance of the evidence, that he is an "uncared for" child in that neither of his parent's homes can provide the specialized care which his physical and emotional condition requires. Connecticut General Statutes § 46b-120 (9). The court grants the Department's petition and adjudicates that Israel R. is an "uncared for" child and his custody is committed to the Commissioner of the Department of Children and Families.
2. Termination Petition as to Israel R., Sr.:
With respect to the statutory grounds for termination of parental rights of the Israel R., Sr., the biological father of the two children, Marializ M. and Israel R., both children under the age of seven, this court finds by clear and convincing evidence that Marializ was adjudicated neglected on January 22, 1996 and the court has adjudicated Israel R. an "uncared for" child. The father has failed to achieve such a degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the children, he would assume a responsible position in the life of his daughter and son. His parental rights to an older sibling of these children were previously terminated pursuant to a petition by the Department, all as required in Connecticut General Statutes § 17a-112 (c)(3)(E). Further the court notes that there is no required finding that these circumstances have existed for a period of a year or more under this section of the statute, although this has certainly been the case for the oldest child, Marializ.
3. Termination Petitions as to Marianela M.:
With respect to the statutory grounds for termination of parental rights of the mother, the court finds by clear and convincing evidence that Marializ and Alberto have previously been adjudicated neglected on January 22, 1996 and that this court has found Israel R. an "uncared for" child. Mother has failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time considering the age and needs of these children, she could assume a responsible position in their lives. Further, as previously found, her parental rights to an elder sibling were terminated pursuant to a petition brought by the Department, as required under Connecticut General Statutes § 17a-112 (c)(3)(E) CT Page 8655
REQUIRED FINDINGS
The court makes the following factual findings required by § 17a-112 (e):
1) Appropriate and timely services were provided by the Department of Children and Families, including counseling, transportation assistance, and visitation coordination.
2) The court finds by clear and convincing evidence that the Department of Children and Families made reasonable efforts to reunify the family, given the situation and circumstances, as far as possible. The court finds in this proceeding that the father was unable, due to his incarceration and desire not to have visitation, to benefit from reunification efforts. Mother's inability or unwillingness to address her personal problems, has prevented successful reunification efforts.
3) The Department, with the approval of the Court, set reasonable and realistic expectations and service agreements in order to reunify the family. There was only marginal compliance or participation by the parents.
4) The children have strong emotional ties with the foster families who have provided the physical, emotional and educational support these children need. The children, Marializ and Israel R., have little or no positive emotional ties to their biological father. The two oldest children have only had a visiting relationship with their mother, not a parental relationship. The youngest, has not had contact with his mother except during the first four days of his life. They all have strong ties to their foster families who have provided good care for them.
5) Finding regarding the age of the children. Marializ, Alberto and Israel are ages four, two and six months. These children require stability of placement and continuity of care.
6) Finding regarding efforts of the parents to adjust their circumstances, conduct or conditions to make it in the best interests of the children to return them to their home in the foreseeable future and (A) the extent to which the parents have maintained contact with the children as part of an effort to reunite the children with the parents, provided that the court CT Page 8656 may give weight to incidental visitations, communications or contributions and (B) the maintenance of regular contact or communications with the guardian or other custodian of the children. The parents have not made realistic and sustained efforts to conform their conduct to acceptable parental standards. Mother requires extensive support services to deal with her parental failings and personal difficulties. Father has been incarcerated from time to time and has no stable or permanent residence. His failure to maintain a relationship with his children has displaced him as a possible parental figure. Giving them additional time would not likely bring their performance, as parents, within acceptable standards sufficient to make it in the best interests of these children to be reunited with their parents. In re Luis C, supra p. 167., In re JuvenileAppeal 183 Conn. 11, 15, 438 A.2d 801 (1981). Neither parent has maintained contact with the children or their custodian.
7) Finding regarding the prevention of the parents from having a meaningful relationship, etc. The criminal behavior of the father has resulted in arrests and incarceration. The Department initially attempted to encourage contact. No unreasonable conduct is noted. The mother has had regular visitation opportunities with the children, which she has not exercised. The Department provided a Spanish speaking social worker to assist her at all times.
DISPOSITION
The court finds, based upon the testimony and evidence presented, that it would be in Marializ and Israel's best interest to terminate the parental rights of Israel R., Sr. and Marianela M. The court further finds that it would be in Alberto's best interests to terminate the parental rights of Marianela M. These findings are made after considering the children's sense of time, their need for a secure and permanent environment, the relationship that the children have with their foster parents, and the totality of circumstances that the termination of parental rights is in the children's best interest. In re Juvenile Appeal (Anonymous), supra,177 Conn. at 667-68. See generally, J. Goldstein, A. Freud A. Solnit, Beyondthe Best Interests of the Child 99 (1979).
 ORDERS
Based upon the foregoing findings, the court determines that CT Page 8657 it is in Marializ M. and Israel R.'s best interest for a termination of parental rights to enter with respect to their biological parents, Israel R., Sr. and Marianela M. It is in Alberto M.'s best interests that a termination of his parental rights enter with respect to his biological mother, Marianela M. It is accordingly, ORDERED that the parental rights of Israel R., Sr. and Marianela M. are hereby terminated. The Commissioner of the Department of Children and Families is hereby appointed the statutory parent of the three children. A permanency plan shall be submitted within 90 days. A review Plan for Terminated Children shall be filed in accordance with Federal Law.
Barbara M. Quinn, Judge Child Protection Session