IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Adoption of C.H., )
a person under the age of eighteen.    )    No. 72464-9-I
                                       )
                                       )    DIVISION ONE
                                       )
                                       )    UNPUBLISHED OPINION
                                       )
                                       )    FILED: April 27, 2015
                                       )
_____)

2015 APR 27 AM 11: 08

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

BECKER, J. — At issue is an order granting the petition of a child's

stepfather and mother, respondents herein, to terminate the parental rights of the

child's biological father, appellant herein. Termination of parental rights is

appropriate where a biological parent has failed to perform parental duties under

circumstances showing a substantial lack of regard for his or her parental

obligations, termination is in the best interest of the child, and the parent is

withholding his consent to the termination contrary to the best interest of the

child. Evidence that the parent made some steps to establish contact with the

child does not render a termination unlawful. We conclude the evidence in this

case was sufficient to support the order of termination.

On March 8, 2004, C.H. was born to an unmarried couple. At that time,

the child's mother was 17 years old and the father, Nicholas Schweyen, was 20.

They all lived together for a time, although not happily. Schweyen last saw the child in 2006. In 2009, when the child was 5 years old, the child's mother became involved with another man, whom she married in 2013. The record shows that C.H. is fully incorporated into this new family and is bonded to the stepfather. After marrying, the child's mother and stepfather joined in this petition to terminate Schweyen's parental rights and for a stepparent adoption.

Schweyen did not consent. After a trial in which Schweyen was represented by counsel, the court entered an order terminating Schweyen's parental rights on August 27, 2014. This was followed by a decree of adoption on September 19, 2014. In between, on September 12, 2014, Schweyen filed a notice of appeal of the order of termination. Schweyen did not amend his notice of appeal to include the decree of adoption.

A parent's rights may be terminated if it is shown by clear, cogent, and convincing evidence that (1) it is in the best interest of the child, (2) the parent has failed to perform parental duties under circumstances showing a substantial lack of regard for his or her parental obligations, and (3) is withholding consent to adoption contrary to the best interest of the child.

> Except in the case of an Indian child and his or her parent, the parent-child relationship of a parent may be terminated upon a showing by clear, cogent, and convincing evidence that it is in the best interest of the child to terminate the relationship and that the parent has failed to perform parental duties under circumstances showing a substantial lack of regard for his or her parental obligations and is withholding consent to adoption contrary to the best interest of the child.

RCW 26.33.120(1).

The adoption statute's requirement that clear, cogent, and convincing evidence be presented to sustain an order terminating parental rights means that the ultimate fact in issue must be shown to be highly probable. In re the Matter of H.J.P., 114 Wn.2d 522, 532, 789 P.2d 96 (1990). On review, the appellate court determines whether the trial court's findings of fact are supported by substantial evidence which satisfies the "highly probable" test. H.J.P., 114 Wn.2d at 532.

Schweyen argues that termination was inappropriate because the respondents failed to prove by clear, cogent, and convincing evidence that he intentionally abandoned CH. He cites In re Adoption of Tryon, 27 Wn. App. 842, 621 P.2d 775 (1980).

The trial court's findings did not include a finding of intentional abandonment, but they are not for that reason insufficient. A finding of intentional abandonment is not a prerequisite for termination under the current stepparent adoption statute, RCW 26.33.120, which was enacted in 1984 and took its current form in 1987. See In re Adoption of McGee, 86 Wn. App. 471, 937 P.2d 622, review denied, 133 Wn.2d 1014 (1997). Tryon was decided under a previous statute, which required a finding that the parent "deserted or abandoned such child under circumstances showing a *wilful* substantial lack of regard for parental obligations." Former RCW 26.32.040(4) (1973) (emphasis added); Tryon, 27 Wn. App. at 844. The Supreme Court has concluded that regardless of whether the previous or present statutory scheme is employed, the fundamental finding necessary to terminate parental rights is a finding of parental

unfitness. That is established by a finding that the nonconsenting parent has failed to perform parental duties under circumstances showing a substantial lack of regard for his or her parental obligations. H.J.P., 114 Wn.2d at 530-31.

A parent's obligations are (1) to express love and affection for the child; (2) to express personal concern over the health, education, and general well-being of the child; (3) the duty to supply the necessary food, clothing, and medical care; (4) the duty to provide an adequate domicile; and (5) the duty to furnish social and religious guidance. In re Adoption of Lybbert, 75 Wn.2d 671, 674, 453 P.2d 650 (1969). The evidence amply supports the trial court's findings that Schweyen did not fulfill any of these obligations. The findings support the court's conclusion that Schweyen "failed to perform parental duties over an extended period of time, showing substantial lack of regard for his parental obligations."

Schweyen argues that the order may not stand because he did not at any point intend to desert or abandon his child. He testified below that he always intended to maintain a relationship with the child, that he made some attempts to contact the mother in order to arrange for visitation, and that he at one point hired a lawyer to assist him with this objective. He contends the court erred by failing to find that his intentions were thwarted only because his lawyer was incompetent, the mother was uncooperative, and in recent years he has struggled with schizophrenia. According to Schweyen, this evidence showed that his failure to perform parental duties was not willful and therefore the evidence demonstrating his disregard of parental obligations was insufficient to support the

4

order of termination. We disagree. Under the statutory standard, recognized in H.J.P. as adequate to satisfy due process, the evidence was sufficient to prove by the clear, cogent, and convincing standard of proof that he "failed to perform parental duties under circumstances showing a substantial lack of regard for his or her parental obligations."

As respondents point out, the evidence shows Schweyen made no more effort to be a parent than the appellant in In re Interest of Pawling, 101 Wn.2d 392, 679 P.2d 916 (1984). In Pawling, the appellant last saw the child when he was 2 years old and was incarcerated when the child was three. He tried to arrange visits with the child but was unsuccessful. Even though he worked prior to incarceration, he paid at most $300 in child support. While the appellant was incarcerated, the mother remarried and the child's stepfather became his psychological parent. The stepfather successfully petitioned to terminate the appellant's parental rights when the child was six years old. Our Supreme Court affirmed termination.

Schweyen likewise failed to express love, affection, and personal concern, did not furnish social and religious guidance, did not provide a place to live, and paid only nominal support. Following Pawling, we affirm the termination of Schweyen's parental rights to C.H.

Respondents request attorney fees under RAP 18.9 on the ground that Schweyen's appeal is frivolous. We decline to award fees in this case.

Affirmed.

Becker, J.

WE CONCUR:

Spearman, C.J.

Schindler, J.