[No. 44739. En Banc. September 29, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. ROY C. WOOD, *Appellant.*

*Thomas A. Clark* (*Roy Lucas,* of counsel), for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Bruce Rudeen, Deputy,* for respondent.

STAFFORD, J.—This is an appeal from a Superior Court judgment entered pursuant to RCW 26.24, the filiation statute then in force. We affirm the trial court.

The trial court found that Dr. Roy C. Wood was the natural father of a child born to an unmarried woman. The

trial court also found he had a gross income of approximately $180,000 a year and that $350 a month was a reasonable sum to pay for child support. He was also ordered to pay all medical and dental expenses of the child. Dr. Wood appealed to the Court of Appeals which in turn certified the matter to this court.

Appellant complains that the trial court imposed the full amount of support on him, failing to consider the mother's ability to support the child. He also claims the mother "fraudulently" stopped using birth control pills in order to become pregnant and entrap him into marriage. He contends the trial court erred in failing to hold that such an alleged "fraud" is a defense in a filiation proceeding. We reach neither issue. Appellant did not address these contentions in his brief and we will not consider assignments of error which are supported neither by argument nor authority. *State v. Kroll,* 87 Wn.2d 829, 558 P.2d 173 (1976); *Northern State Constr. Co. v. Robbins,* 76 Wn.2d 357, 457 P.2d 187 (1969); *State v. Adams,* 76 Wn.2d 650, 458 P.2d 558 (1969).

Next, appellant challenges RCW 26.24.010 and .090[1] as violative of the equal protection clause of the fourteenth amendment to the United States Constitution as well as Const. art. 1, § 12 (the privileges and immunities clause) of the Washington State Constitution.

Appellant contends RCW 26.24[2] violates both the equal

---

[1]RCW 26.24.010.

"When an unmarried woman shall be pregnant or delivered of a child which shall not be the issue of lawful wedlock, complaint may be made . . . accusing, under oath, a person with being the father of such child . . ."

RCW 26.24.090.

"In the event the issue be found against the accused . . . he shall be charged . . . to pay a sum to be therein specified, during each year of the life of such child, until such child shall have reached the age of eighteen years, for the care, education and support of such child, and . . . to pay the expenses of the mother incurred during her sickness and confinement, together with all costs of the suit . . ."

[2]Subsequent to the trial of the present case, the legislature passed the Uniform Parentage Act, Laws of 1976, 2d Ex. Sess., ch. 42, p. 169 (effective June 25, 1976). The new act repealed the filiation statutes here involved and established a

protection clause and Const. art. 1, § 12 by imposing the total support obligation upon fathers without regard for the individual support capabilities of mothers. It is urged the statutes discriminate against men on the basis of sex and that the State has not demonstrated the necessary compelling state interest for the statutes to withstand the constitutional challenge.

■ In regard to the equal protection clause, the Supreme Court of the United States has not yet held classifications based on sex to be "suspect" and thus subject to the "strict scrutiny test." *Frontiero v. Richardson,* 411 U.S. 677, 36 L. Ed. 2d 583, 93 S. Ct. 1764 (1973). However, in reviewing Const. art. 1, § 12 we have declared sex to be a "suspect classification" requiring strict scrutiny to determine whether the State has demonstrated a compelling state interest to uphold such classification. *Hanson v. Hutt,* 83 Wn.2d 195, 517 P.2d 599 (1973); *see also Darrin v. Gould,* 85 Wn.2d 859, 540 P.2d 882 (1975). Thus, we must determine whether there is a compelling state interest to justify the classification found in RCW 26.24.

■ The State has an interest in placing the primary obligation for care and support of a child upon the parents who bring that child into the world rather than upon the taxpayer. A parent's obligation for the care and support of his or her child is a basic tenet recognized in this state without reference to any particular statute. *In re Guardianship of Rudonick,* 76 Wn.2d 117, 125, 456 P.2d 96 (1969); *In re Adoption of Lybbert,* 75 Wn.2d 671, 674, 453 P.2d 650 (1969). The existence of this parental duty of parental support is also assumed although not always specifically stated, in statutes that provide civil and criminal sanctions for parents of either sex, married or unmarried, who neglect that basic duty. For example, statutory protection is found in both the Family Desertion Act, RCW 26.20, and the Uniform Reciprocal Enforcement of Support Act,

comprehensive law to determine parentage and the legal duty of support by both parents. *See* RCW 26.26.

RCW 26.21. As we said in *State v. Russell*, 68 Wn.2d 748, 755, 415 P.2d 503 (1966):

by the language of the statutes, by the policy of the law as declared by this court and by the demonstrated concern of this state in the protection of children, we do not recognize, except in divorce causes, that marriage is a necessity to proceeding against a parent or any other person who has a duty to support a child or ward.

(Footnote omitted.)

■ In this filiation proceeding, brought pursuant to RCW 26.24, the mother had already admitted and assumed her parental duty of providing care and support. The challenged sections of the statutes do no more than authorize the prosecuting attorney to enforce against the natural father a similar duty to contribute to the care and support of his child. *State v. Bowen*, 80 Wn.2d 808, 810, 498 P.2d 877 (1972).

RCW 26.24.090 does not require the natural father to pay total support. Rather, it speaks in terms of the father paying a "sum . . . for the care, education and support of such child". This indicates that the father shall contribute an amount to be determined by the court. Even if the court were to require the natural father to contribute greater financial support than the mother, the nurture provided by the mother is a definite part of the nature of support contemplated by the policy of the statute. The statutory classification imposes no more responsibility on the natural father than has already been assumed by and imposed upon the mother. The statute merely insures that the natural father will assume *some* responsibility for the support of his child.

Appellant argues that RCW 26.24 contains no reciprocal means by which a natural father can obtain support from the mother. However, he is not in a position to raise that issue because the facts to support it are not before the court. It was not a foregone conclusion that the child would have been awarded to the mother. Rather, RCW 26.24.190 requires the court to award "custody of the child to that

parent who is the more fit from the standpoint of furthering the child's welfare . . ."[3] Despite the opportunity to seek his child's custody, appellant made no effort in this regard and the child was awarded to the mother. Since by his own choice he does not have custody of the child, he is not in a position to challenge a statute that might have come into play had he sought and obtained custody. But, assuming he had asked for and obtained custody, pursuant to RCW 26.24.190, he would not have been without recourse against the mother. He could have proceeded against her for support under RCW 26.20.030 or in a common–law action. *State v. Booth,* 15 Wn. App. 804, 807, 551 P.2d 1403 (1976); *see also Kaur v. Chawla,* 11 Wn. App. 362, 368, 522 P.2d 1198 (1974).

The filiation proceeding was designed for the benefit of the *child,* not for the benefit of the mother as appellant seems to contend. *State v. Bowen, supra; State v. Schimschal,* 73 Wn.2d 141, 144, 437 P.2d 169 (1968); *see also Yetter v. Commeau,* 84 Wn.2d 155, 159, 524 P.2d 901 (1974). The State has a compelling interest in assuring that the primary obligation for support of illegitimate children falls on *both* natural parents rather than on the taxpayers of this state. Further, this court's greatest concern is the welfare of the child and the protection of the child's fundamental right to support. *Kaur v. Chawla, supra.* The sex classification of RCW 26.24 does not deny appellant equal protection of the law under either the equal protection clause or Const. art. 1, § 12. The statutory scheme does not impose the entire burden of support upon natural fathers nor did the trial court impose such a duty. Rather, appellant was required to *contribute* to his child's support. As noted above, the overall statutory scheme of child support even authorizes the State to bring an action on behalf of

[3]RCW 26.24.190 is entirely consistent with *Stanley v. Illinois,* 405 U.S. 645, 31 L. Ed. 2d 551, 92 S. Ct. 1208 (1972), which emphasizes that parental custody of an illegitimate child should be determined by individual fitness, rather than by the parent's sex.

the *father* of an illegitimate child who has sought and obtained custody from the mother. RCW 26.20.

 Appellant also contends RCW 26.24 violates the equal rights amendment. Const. art. 31, § 1 (amendment 61).[4] As yet the impact of the equal rights amendment on the existing constitutional law of this state has not been fully tested. *Darrin v. Gould, supra* at 871–72. One thing is clear, however. While that amendment is commonly referred to as the "Equal Rights Amendment", it is also couched in terms of equal responsibilities. *Smith v. Smith,* 13 Wn. App. 381, 385, 534 P.2d 1033 (1975). One acquires no protection under Const. art. 31, § 1 unless it is first demonstrated that either a right or a responsibility has been denied or abridged on account of that person's sex. *Singer v. Hara,* 11 Wn. App. 247, 258–59, 522 P.2d 1187 (1974). The statute at issue does not deny appellant any rights nor does it create any new responsibilities solely because he is the father of an illegitimate child. Rather, in the statutory scheme of things responsibility for a child's support rests upon *both* parents. Ironically, the appellant attempts to misuse Const. art. 31, § 1 by seeking to avoid his parental responsibility and abridge his child's fundamental right to support from him.

The trial court is affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, UTTER, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.

---

[4]Const. art. 31, § 1 (amendment 61). "Equality of rights and responsibility under the law shall not be denied or abridged on account of sex."