[No. 5834–1. Division One. October 16, 1978.]

ELIZABETH C. WEST, *Appellant,* v. THE DEPARTMENT
OF SOCIAL AND HEALTH SERVICES, *Respondent.*

*Jeff Spence* of *Evergreen Legal Services,* for appellant.

*Slade Gorton, Attorney General,* and *Michael T. Mitchell, Assistant,* for respondent.

FARRIS, C.J.—Elizabeth West appeals from a judgment affirming an administrative decision of the Department of Social and Health Services.

After appropriate consultation, West placed her two daughters in a child placement agency licensed by the Department of Social and Health Services on August 7, 1974, and signed a form that contained the following statement:

I (We) AM AWARE THAT MY CHILD IS TO BE PLACED IN FOSTER CARE, BY COURT ORDER OR BY MY REQUEST AND THAT FINANCIAL SERVICES OF DSHS WILL CONTACT ME IN RELATION TO FINANCIAL SUPPORT OF MY CHILD.

Exhibit 3. On June 13, 1975, West was served with a "Notice and Finding of Financial Responsibility" pursuant to RCW 74.20A.055, which stated (1) that she owed the Department of Social and Health Services $1,300 for child support payments from the date of placement to date, and (2) that she would incur an obligation beginning in June 1975 of an additional $130 per month as her share of the cost of the support of her children in the foster home. Three days after receipt of the notice West removed her children from the foster home and on June 26, 1975, requested an administrative hearing. It was held August 20, 1975. On September 12, 1975, pursuant to that hearing, West was ordered to pay $1,890[1] to the Department. West appealed the order to the Superior Court which affirmed. She thereafter appealed to this court.

West objects to the order on two grounds: (1) the Department's actions violated her constitutional right to due process by depriving her of property without adequate notice and the opportunity for a hearing at a meaningful time, and (2) the Department is estopped from enforcing the obligation.

We recognize that a natural parent is under a duty to provide support for his or her children. *In re Hudson*, 13

---

[1] The administrative hearing officer found that the $1,300 obligation was calculated incorrectly and reduced the debt to $1,050. An additional $840 debt was assessed West, but this amount is not relevant here.

Wn.2d 673, 693, 126 P.2d 765 (1942). But, while the primary obligation of support is upon the child's natural parents, *State v. Wood,* 89 Wn.2d 97, 100, 569 P.2d 1148 (1977), the obligation can be reduced or relieved by State intervention. The question here is whether the Department is estopped to deny that it relieved West of her parental obligation from the date of the foster home placement until her receipt of notice.

■■ Equitable estoppel may be applied against the State, even when it is acting in a governmental capacity, if necessary to prevent manifest injustice, and the exercise of governmental powers will not be impaired as a result. *Shafer v. State,* 83 Wn.2d 618, 521 P.2d 736 (1974); *Conversions & Surveys, Inc. v. Department of Revenue,* 11 Wn. App. 127, 521 P.2d 1203 (1974). Caution is required in applying estoppel when, as here, the State is performing a governmental function. *Metropolitan Park Dist. v. State,* 85 Wn.2d 821, 539 P.2d 854 (1975). Three elements are essential to the defense of equitable estoppel:

> (1) an admission, statement, or act inconsistent with the claim afterwards asserted, (2) action by the other party on the faith of such admission, statement, or act; and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement, or act.

*Harbor Air Serv., Inc. v. Board of Tax Appeals,* 88 Wn.2d 359, 366–67, 560 P.2d 1145 (1977); *Hill v. L.W. Weidert Farms, Inc.,* 75 Wn.2d 781, 454 P.2d 220 (1969).

■ WAC 388-44-020(5) provides:

> It is of paramount importance that the local office inform all applicants and recipients of their rights and responsibilities concerning eligibility for and receipt of assistance. Primary among the responsibilities of applicants and recipients is the obligation to report all circumstances which affect eligibility and need. Fundamental among the rights of applicants and recipients is the right to be informed by the local office what those circumstances are.

The Department had a duty to inform West of her obligation. It knew that financial pressures had played a role in her decision to place her children in foster care and it also knew that pursuant to RCW 74.20A.010 and WAC 388-11-190, West would be required to contribute toward the cost of foster care.

Whether the language of the agreement executed by West was sufficiently ambiguous to justify her alleged belief that she would be notified before being charged for support was resolved by the trial court in West's favor:

> When petitioner signed the application form, petitioner did not understand that as a result she would incur financial obligation to the respondent.[2]

Finding of fact No. 8. The trial court also found as a fact:

> As a result of the foster care placement, petitioner changed her position to her detriment, her detriment being the support obligation which accrued to respondent without petitioner's knowledge.

Finding of fact No. 9. The Department's silence, when it had full knowledge of the facts and a duty to speak, coupled with the trial court's findings of fact, establish the defense of equitable estoppel. See *Waldrip v. Olympia Oyster Co.*, 40 Wn.2d 469, 244 P.2d 273 (1952).

We need not reach the question of whether the administrative procedures violated West's due process rights.

Reversed.

JAMES and SWANSON, JJ., concur.

Reconsideration denied March 29, 1979.

Review denied by Supreme Court September 26, 1979.

---

[2]The trial court also noted on page 6 of its oral opinion: "I can't really disagree with [West's] point that if there had been clear statements in this case to Mrs. West at the outset, that she might very well have elected not to place the children where she did."