Henry BOLAR et al *v.* Wesley M. CAVANESS, County Clerk et al

80-235                                             607 S.W. 2d 367
Supreme Court of Arkansas
Opinion delivered November 10, 1980

*Robert Wellenberger*, for appellant Henry Bolar.

*Griffin. Rainwater & Draper*, for appellant R. D. Jones, Jr.

*Williamson, Ball & Bird*, by: *Samuel N. Bird*, and *James A. Ross, Jr.*, Deputy Pros. Atty., for appellees.

GEORGE ROSE SMITH, Justice. On August 29, 1980, separate petitions were filed in the office of the county clerk of Drew county, seeking a wet-dry election in two townships in the county. On September 8 the county clerk certified the petitions to be sufficient. Not until October 3 did the two appellants file separate actions in the circuit court challenging the county clerk's certifications on various grounds. The circuit court, after consolidating the cases, sustained motions to dismiss on the ground that the actions should have been filed within 15 days after the clerk's certifications. Act 4 of 1935, § 9, compiled as Ark. Stat. Ann. § 2-310 (Repl. 1976).

The appeal comes to this court under Rule 29(1)(g). We announced our affirmance on October 31, before the General Election, and are delivering this opinion because the case presents a point under the election laws upon which the reasons for our decision should be stated.

The local option law directs that petitions for such elections shall be prepared in the form provided for in a specified statute, and in all other respects "such petitions shall be circulated and sufficiency thereof shall be determined, and may be reviewed in the same manner and procedure," as provided in Act 4 of 1935, *supra*. Act 431 of 1977; Ark. Stat. Ann. § 48-801.1 (Repl. 1977). It is true, as argued by the appellants, that Section 9 of Act 4 of 1935, requiring a contest of lcoal option petitions to be filed within 15 days after the county clerk's certification of their sufficiency, was repealed by a still later statute, Act 742 of 1977, § 117. But the point is, before that repeal the 1935 statute had already been adopted as part of the local option procedure. In that situation, where one statute specifically adopts the provisions of another statute as distinguished from adopting the law generally in force on the subject, the operation of the adopting statute will not be affected by a later repeal of the adopted statute. *Howard* v. *State ex rel Stuckey*, 223 Ark. 634, 267 S.W. 2d 763 (1954).

We cannot sustain the appellants' subordinate argument, that the 15-day limitation does not control because

they are challenging not merely the clerk's certification of the sufficiency of the petitions but also his apparent failure to transmit that certification to the county board of election commissioners. § 2-303. First, we think any question about the regularity of the procedure must be raised within the 15-day limit. Second, the certification obviously reached the election commission, because we advanced this case on our docket in response to the appellants' positive statement that the wet-dry issues were to be submitted to the voters at the General Election on November 4; so the election procedure must have been carried through.

Affirmed.