[No. 4674–5–III.   Division Three.   October 19, 1982.]

IRENE ROSELL, ET AL, *Appellants,* v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Respondent.*

*Deborah Perluss* and *Richard Smith* of *Spokane Legal Services Center,* for appellants.

*Kenneth O. Eikenberry, Attorney General,* and *Gayle Ogden* and *Laurence D. Briney, Jr., Assistants,* for respondent.

ROE, J.—Irene and Edwin Rosell are the natural parents of Gerry Marie Rosell, born October 22, 1963. On August 2, 1979, when Gerry was 15, she filed a petition in the Spokane County Juvenile Court requesting approval of an alternative residential placement (ARP), pursuant to RCW 13.32A.150. The petition alleged physical and sexual abuse by Mr. Rosell. That same day a pending dependency petition was dismissed. On January 17, 1980, the juvenile court approved Gerry's ARP petition and, finding that a "serious conflict" existed, placed the minor in a foster home.

Effective May 3, 1979, Gerry had been placed on an Aid to Families with Dependent Children–Foster Care grant (AFDC–FC). On October 6, 1979, the Department of Social and Health Services (DSHS) through its office of support enforcement served on Mr. and Mrs. Rosell a notice and finding of financial responsibility, seeking contribution for the support of Gerry in the amount of $733 per month, plus

an accrued debt of $2,185.71 for the period of May through August 1979. The Rosells objected to the finding of financial responsibility, contending that, under a proviso in Laws of 1977, 1st Ex. Sess., ch. 291, § 44, p. 1020 (herein referred to as the former RCW 13.34.160), they are not liable for any support because they continuously sought reconciliation with and return of the minor child and there was no finding of abuse or neglect.

A fair hearing was held November 20, 1979, and the hearing examiner ruled:

> Pertinent to the disposition of the support issue before this tribunal is RCW 13.34.160 which states in relevant part:
>> ". . . no support payments shall be required of a parent who, throughout a dependence proceeding pursuant to RCW 13.34.030(2)(d), has continuously sought reconciliation with, and the return of his or her child, unless such parent has been found to have abused or neglected such children."
>
> In this case abuse has been alleged by the child in her petition, contrary to the argument of the Appellants that the same is not even in issue. However, the Superior Court has not found such to be present at this time. Therefore, this tribunal makes no determination regarding the Appellants' support obligation from August 2, 1979, forward, unless and until the Superior Court enters its Findings of Fact on this issue of abuse.

DSHS sought review of that portion of the decision, contending the defense within former RCW 13.34.160 is not applicable to an ARP proceeding due to the repeal of RCW 13.34.030(2)(d) (Laws of 1977, 1st Ex. Sess., ch. 291, § 31, p. 1013) which made former RCW 13.34.160 applicable to ARP proceedings. On January 14, 1981, the review examiner modified the hearing decision, stating:

> The defense created by this statute is available to the Appellants in the present proceeding only where the court has entered an order which establishes that the parents have continuously sought reconciliation. In this instance, no such order was entered by the court. Reconciliation findings by the trial Examiner in his initial decision cannot act as a substitute. Since the court has

not ruled on the issue of reconciliation, the defense created by the statute is not available in these proceedings. The Appellants, therefore, owe a child support obligation of $105 per month for August and succeeding months.

The Rosells sought judicial review and the trial court held the defense within former RCW 13.34.160 was inapplicable to ARP proceedings and therefore found the Rosells liable for support. The Rosells appeal.

As a preliminary matter, we note the facts are undisputed. The proper standard of review is the error of law standard. RCW 34.04.130(6)(d); *Brandley v. Department of Empl. Sec.*, 23 Wn. App. 339, 595 P.2d 565 (1979).

> Since issues of law are the responsibility of the judicial branch to resolve, the error of law standard allows the reviewing court to essentially substitute its judgment for that of the administrative body, though substantial weight is accorded the agency's view of the law.

*Franklin Cy. Sheriff's Office v. Sellers*, 97 Wn.2d 317, 325, 646 P.2d 113 (1982). But the judges must decide the law according to the constitution, statutes and precedents, regardless of agency view.

In order to determine the applicability of former RCW 13.34.160 to RCW 13.32A, ARP proceedings, a historical review of the relevant statutes is necessary. The original juvenile court procedure for ARP was governed by former RCW 13.32, enacted by Laws of 1977, 1st Ex. Sess., ch. 291, as part of the basic juvenile court act of 1977, which established different procedures for dealing with three classes of children: (1) "runaways" and those who have conflict in their family relationship (former RCW 13.30, enacted by Laws of 1977, 1st Ex. Sess., ch. 291, §§ 16–19, p. 1008–09; former RCW 13.32; and RCW 74.13); (2) abused, neglected or abandoned children (RCW 13.34); and (3) those who commit crimes (RCW 13.40). *In re Sumey*, 94 Wn.2d 757, 759–60, 621 P.2d 108 (1980). Cases of family conflict were handled under former RCW 13.32 in conjunction with the dependency statutes in RCW 13.34. In 1979, the Legislature made an extensive revision of the juvenile court act,

amending, repealing and adding sections. RCW 13.32 was repealed and replaced by RCW 13.32A, Laws of 1979, ch. 155, effective March 29, 1979, and consequently the applicable law when this case arose. Prior to the 1979 amendments, parental contribution for the support of a child receiving public assistance pursuant to an ARP proceeding was authorized by former RCW 13.34.160 as follows:

> In any case in which the court shall find the child dependent, it may in the same or subsequent proceeding upon the parent or parents, guardian, or other person having custody of said child, being duly summoned or voluntarily appearing, proceed to inquire into the ability of such persons or person to support the child or contribute to its support, and if the court shall find such person or persons able to support the child or contribute thereto, the court may enter such order or decree as shall be according to equity in the premises, and may enforce the same by execution, or in any way in which a court of equity may enforce its decrees: PROVIDED, That no support payments shall be required of a parent who, throughout a dependence proceeding pursuant to [RCW 13.34.030(2)(d)], has continuously sought reconciliation with, and the return of, his or her child, unless such parent has been found to have abused or neglected such children.

Laws of 1977, ch. 291, § 44. Under former RCW 13.34-.030(2)(d), the definition of a "dependent child", included a child "who is in conflict with his or her parent . . ." In 1979, subsection (2)(d) was omitted from the definition of "dependent child" in RCW 13.34.030. However, RCW 13.34.160, which referred to the omitted section, was not amended accordingly until 1981.[1]

The crucial question then is what operational effect did former RCW 13.34.160 retain on ARP proceedings between March 29, 1979, when RCW 13.34.030(2)(d) was omitted by the Legislature and July 26, 1981, when RCW 13.32A.175

---

[1]The current RCW 13.34.160 is the same as the former except that the proviso has been omitted.

became effective to fill the void? The parties are agreed that reference to the repealed subsection 13.34.030(2)(d) is a matter of legislative oversight. The disagreement arises over the effect of this oversight. DSHS contends RCW 13.34.160 applied only to dependency proceedings after the 1979 amendment omitted RCW 13.34.030(2)(d) from the definition of "dependent child". Conversely, the Rosells argue that the defense within former RCW 13.34.160 was available in ARP proceedings because there has always been a legislative intent to eliminate the financial liability of parents who are without fault.

Resolution of the instant case is dependent upon rules of statutory construction. The underlying purpose inherent in the function of judicial interpretation of statutory enactments is to effectuate the objective or intent of the Legislature. *Amburn v. Daly,* 81 Wn.2d 241, 245, 501 P.2d 178 (1972). In so doing, the entire sequence of all statutes relating to the same subject matter should be considered. *Amburn,* at 246.

As a general rule, the primary responsibility for support of a child is on the child's parents and not the taxpayers of the state. RCW 74.20A.010; *In re Feldman,* 94 Wn.2d 244, 250, 615 P.2d 1290 (1980); *State v. Wood,* 89 Wn.2d 97, 100, 569 P.2d 1148 (1977); *see also* RCW 13.40.220. It would appear, however, that the Legislature intended an exception to the general rule of parental responsibility in ARP proceedings where the parents are conciliatory (*i.e.,* seeking the return of the child). Under the original ARP procedure of 1977, this statutory defense was available in RCW 13.34.160, at least until March 29, 1979, when the definition of "dependent child" was changed to exclude ARP proceedings. Then in 1981, RCW 13.32A.175 was enacted, thereby making specific provision for financial responsibility under the ARP statutory scheme. It includes the defense, formerly a part of RCW 13.34.160, and provides:

13.32A.175 Alternative residential placement—Contribution to child's support, when—Enforcement of order.

In any proceeding in which the court approves an alternative residential placement, the court shall inquire into the ability of parents to contribute to the child's support. If the court finds that the parents are able to contribute to the support of the child, the court shall order them to make such support payments as the court deems equitable. The court may enforce such an order by execution or in any way in which a court of equity may enforce its orders. However, payments shall not be required of a parent who has both opposed the placement and continuously sought reconciliation with, and the return of, the child.

That the Legislature intended the proviso to apply to ARP's at all times prior to 1981 is evidenced by the fact that the defense is no longer a part of the dependency statutes (RCW 13.34), but rather was incorporated into the procedures for families in conflict (RCW 13.32A). This is consistent with the purposes of each statutory scheme. The goal of RCW 13.32A is to reconcile the family, whereas in RCW 13.34, this is an impossibility by definition. *See* RCW 13.34.030.

Notwithstanding the above discussion on legislative intent, there is a precise rule of construction which applies in this case. Where a reference statute (RCW 13.34.160) incorporates the terms of one statute (RCW 13.34-.030(2)(d)) into the provisions of another act (RCW 13.32A), "'the two statutes coexist as separate distinct legislative enactments, each having its appointed sphere of action"; and the alteration, change or repeal of the one does not operate upon or affect the other. 1A C. Sands, *Statutory Construction* § 23.32 (4th ed. 1972), quoting *Phoenix Assur. Co. v. Fire Dep't,* 117 Ala. 631, 23 So. 843, 847 (1898). *See also Bolar v. Cavaness,* 271 Ark. 69, 607 S.W.2d 367 (1980); *Martin v. Stumbo,* 282 Ky. 793, 140 S.W.2d 405 (1940); *Hanson v. Omaha,* 157 Neb. 768, 61 N.W.2d 556 (1953); and 2A C. Sands, *Statutory Construction* § 51.08 (4th ed. 1973). Stated another way, more recently, the court in *In re Estate of Tetherow,* 193 Neb. 150, 155, 226 N.W.2d 116, 119 (1975), held:

[W]here one statute refers to another and incorporates it, which incorporated statute is subsequently repealed, the statute repealed, having been incorporated as part of the one referring to it, remains in force so far as the adopting statute is concerned.

Applying this principle here, the repeal of RCW 13.34-.030(2)(d) did not affect the operation of the reference statute, RCW 13.34.160. Thus, a finding of financial responsibility pursuant to the families in conflict procedures entitles the responsible parents to avail themselves of the defense in former RCW 13.34.160.

The only remaining issue is how the statute applies to the facts of this case. Since the hearing examiner made no findings as to (1) the Rosells' reconciliation efforts, and (2) the existence of abuse or neglect, the cause should be remanded to the hearing examiner for further consideration. Accordingly, if the examiner concludes the Rosells continuously sought reconciliation with Gerry and did not abuse or neglect her, then no support payments should be due.

The judgment of the trial court is reversed and the cause remanded for further consideration consistent with this opinion. Appellants, having prevailed, are awarded $2,000 attorney's fees on appeal.

McINTURFF, C.J., and GREEN, J., concur.