IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| PALMER D. STRAND and PATRICIA N. STRAND, | ) ) ) | No. 34190-9-III |
| Appellants, | ) ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| SPOKANE COUNTY and SPOKANE COUNTY ASSESSOR, | ) ) ) | |
| Respondents. | ) ) | |

KORSMO, J. — Patricia and Palmer Strand appeal from a judgment entered in their

Public Records Act, ch. 42.56 RCW (PRA), action against Spokane County (County).

We affirm.

FACTS

This case involves public records requests made by Strand to the Spokane County

Assessor between 2010 and 2013. Strand sued the County in 2014. They were

No. 34190-9-III
*Strand, et al v. Spokane County, et al*

represented by counsel through the bench trial of the case. Subsequently, Ms. Strand

proceeded pro se.

The records requests relevant to this action included:

(1) Inspection reports as to thirty eight separate parcels in Spokane County for the time period of 2007 to May 25, 2010;
(2) Appraisals for the assessment years of 2008 through 2012;
(3) Assessor's Roster of Appeals to the Board of Equalization;
(4) Assessor's Statistics on Appeals to the Board of Equalization and the Washington State Board of Tax Appeals.

Clerk's Papers (CP) at 406.

The trial court issued a memorandum decision on June 18, 2015. The court

concluded that there was a violation as to the timeliness of the County's response on the

request for inspection reports, and a violation in responding to the request for a roster of

appeals and statistics of appeals. Clerk's Papers (CP) at 408-409. It found no violation

in the request for appraisals, concluding that they were timely produced. CP at 408. The

trial court also noted that there were substantial communication problems between the

parties that led to many of the issues in the case.

The County brought a motion to amend judgment, which the trial court treated as a

motion for reconsideration. The court granted the motion in part, amending its finding of

a violation as to the timeliness in responding to the inspection reports, and as to the

violation in producing the roster of appeals to the board of equalization. CP at 413. The

court maintained the violation as to the statistics on appeal (the only remaining violation).

2

CP at 413-414. Ms. Strand subsequently brought a motion to reconsider, which the court denied. CP at 403-404.

The court ruled that it would award costs for the expenses of the attorney on the issue that Strand prevailed on, along with penalties and other appropriate costs. CP at 438. The parties were directed to file memoranda addressing those issues. Strand sought penalties of over $10,000,000.00, attorney fees of $42,100.00, and costs of $3,474.31. However, no documentation was submitted to support the attorney fee and cost requests. Instead, Strand wrote that the documentation would be attached to the final order. CP at 277.

Having received no documentation, the court denied attorney fees and costs by means of a second memorandum decision. The court set the penalty for the one PRA violation at $10 per day for a total of $7,380. Strand moved for reconsideration and purportedly attached records to the motion. However, none of those records are in the appellate record. CP at 389-390. The court denied the motion and entered a final judgment and order on March 2, 2016.

Strand appealed to this court. A panel considered the case without oral argument.

No. 34190-9-III
*Strand, et al v. Spokane County, et al*

## ANALYSIS

Ms. Strand is conducting this appeal pro se. We discern three distinct issues[1] and will address them as follows. First, we will consider the contention that the trial court improperly ruled that certain records were exempt from production. We next will address whether the court erred in denying fees and costs. Finally, we will address Strand's argument that the court erred in assessing the penalty at $10 per day.[2]

*Record Production*

Strand claims that the trial court applied improper exemptions in ruling against her argument that the County failed to provide some of the requested documents. We conclude that the trial court properly determined that no violation occurred. The trial court did not rely on any PRA exemptions in making its ruling.

---

[1] The opening brief purports to raise eleven (11) assignments of error and thirty (30) issues relating to those assignments of error. Strand, however, does not devote argument to the majority of these issues; the argument section only purports to discuss anywhere from three to six issues. An appellate court will not address issues not adequately argued in briefing. RAP 10.3(a)(6) (stating the brief must contain "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record."); *State v. Wood*, 89 Wn.2d 97, 99, 569 P.2d 1148 (1977) ("Appellant did not address these contentions in his brief and we will not consider assignments of error which are supported neither by argument nor authority."). Consequently, this court will address the issues that are properly presented and ignore the vast majority of the remaining claims.

[2] We reject the County's argument that the June 18, 2015 memorandum decision is not before this court because it was not timely appealed. That decision was not an appealable final order because it did not qualify as a final judgment, nor was it an order preventing a final judgment in the case. RAP 2.2(a)(1), (3). The trial judge also noted that fact. CP at 412.

4

The principles governing our review of PRA actions are well settled. PRA is a "strongly worded mandate for broad disclosure of public records." *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 127, 580 P.2d 246 (1978). Agencies must promptly disclose any requested public record unless it falls within a specific, enumerated exemption. RCW 42.56.070(1). Under RCW 42.56.080, agencies must make "identifiable public records" available for public inspection and copying. A public record is broadly defined as "any writing containing information relating to the conduct of government." RCW 42.56.010. "An identifiable public record is one for which the requestor has given a reasonable description enabling the government employee to locate the requested record." *Beal v. City of Seattle*, 150 Wn. App. 865, 872, 209 P.3d 872 (2009).

Agencies are not required to provide records that do not exist. *Sperr v. City of Spokane*, 123 Wn. App. 132, 136-137, 96 P.3d 1012 (2004). However, where the agency possesses undisclosed responsive records, it "must explain and justify any withholding, in whole or in part, of any requested public records." *Resident Action Council v. Seattle Hous. Auth.*, 177 Wn.2d 417, 432, 327 P.3d 600 (2013). "Silent withholding is prohibited." *Id.*

This court reviews public agency actions challenged under the PRA de novo. RCW 42.56.550(3); *Cornu-Labat v. Hosp. Dist. No. 2 of Grant County*, 177 Wn.2d 221, 229, 298 P.3d 741 (2013). The reviewing court is not bound by the trial court's factual findings. *Cornu-Labat*, 177 Wn.2d at 229.

5

Strand does not argue that the County failed to produce any specific record that it was required to disclose. Instead, the argument appears to be that the trial court improperly relied on nonexistent exemptions to the PRA in order to reject her arguments. Specifically, she argues that the court improperly relied on four exemptions:

> (1) the "inspection report" exemption to justify withholding the inspection records, (2) the "Historical Property Record Card" exemption to justify not producing the appraisals, (3) the "32 words/phrases["] exemption to justify not producing any records but those the assessor chose to produce, [and] (4) the "assessor's [sic] did not understand" exemption to justify mitigating the penalty.

Br. of Appellant at 43-44. She faults the County for failing to adequately prove these exemptions and argues that some the exemptions render the PRA meaningless. Because she misunderstands the trial court's conclusions, her arguments fail.

The trial court did not find that the any of the County's records were "exempt" under the PRA. What constitutes an exemption under the PRA is controlled by statute. *See* RCW 42.56.230. Generally, personal information is exempt. *Id.* Investigative, law enforcement, and crime victim information is also exempt. RCW 42.56.240. The "exemptions" listed by Ms. Strand are not exemptions under any provision of the PRA. Rather, Ms. Strand appears to have labeled the reasons the trial court gave for not finding a violation as an "exemption." In fact, the trial court never found an "inspection report exemption" or any "Historical Property Record Card exemption." Instead, the court found that the County timely produced the inspection reports, so there was no violation. CP at

6

408. Without a violation, there was no need to discuss an exemption because there was no withholding. A close reading of the trial court's memorandum opinion also shows no records were held exempt. CP at 407 ("No claim of exemption was asserted at trial.").

As for the "32 words/phrases exemption," its origin is less clear. The trial court never used the phrase, but Ms. Strand did use it to refer to one of her supplemental requests. She had requested a search of the assessor's records using certain words and phrases after her initial request of policies and procedures did not produce what she wanted. CP at 122. Because the trial court did not rely on this in any way, it was not an improper exemption from disclosure and has no bearing on appeal.

Similarly, the trial court never held that certain records were exempt from disclosure because the assessor "did not understand" the request. *See* CP at 406-410. Thus, this argument is also irrelevant to the trial court's actual decision.[3]

---

[3] Strand is incorrect in suggesting that a court cannot deny a violation because a request is insufficient for the agency to understand the record sought. Case law is to the contrary. *See Wood v. Lowe*, 102 Wn. App 872, 10 P.3d 494 (2000) (holding a request for "information" and "documentation" were insufficient). Specifically, the requester must ask for "identifiable public records." *Bonamy v. City of Seattle*, 92 Wn. App. 403, 410, 960 P.2d 447 (1998). An identifiable public record is one in which the requester has given "a reasonable description enabling the government employee to locate the requested record." *Id.* (internal quotations omitted). When interpreting public records requests, the PRA does not require agencies to be mind readers. *Id.* at 409. While the trial court did not rely on the lack of clarity of Strand's requests, such a holding would not be contrary to the law.

The first argument fails. The trial court did not apply any exemptions, nor did the County argue any. Instead, the trial court concluded that the County had fulfilled its obligations and timely provided the requested records.

*Attorney Fees and Costs*

Strand also argues that the court erred in denying her fees and costs. Since she failed to provide the necessary documentation, the trial court did not err.

The PRA provides for a mandatory award of "all costs" to a person who prevails against an agency in an action seeking to inspect or copy a "public record." RCW 42.56.550(4). This court has interpreted "all costs" liberally to include "all of the reasonable expenses [the prevailing party] incurred in gaining access to the requested records," including "reasonable costs incurred in litigating the dispute." *Am. Civil Liberties Union of Wash. v. Blaine Sch. Dist. No. 503*, 95 Wn. App. 106, 117, 975 P.2d 536 (1999). The court reviews an award of attorney fees and costs under the PRA for abuse of discretion. *Kitsap County Prosecuting Atty's Guild v. Kitsap County*, 156 Wn. App. 110, 120, 231 P.3d 219 (2010). Discretion is abused when it is exercised on untenable grounds or for untenable reasons.

The trial court certainly had tenable grounds for ultimately denying costs. The court initially awarded fees and costs in accordance with the statute and directed Strand to submit an appropriate order "with appropriate documentation." CP at 438. That never occurred. Although Ms. Strand states that she ultimately submitted the documentation late,

8

our record does not support that claim. Nonetheless, the trial court was not required to consider the late evidence. This case lingered in the trial court for a significant period of time post-trial. The trial court was under no obligation to keep the file open indefinitely.

The trial court did not abuse its discretion in denying the costs and attorney fees in the absence of the requested documentation. *See Mahler v. Szucs*, 135 Wn.2d 398, 434, 957 P.2d 632 (1998), *overruled on other grounds by Matsyuk v. State Farm Fire & Cas. Co.*, 173 Wn.2d 643, 272 P.3d 802 (2012) (stating that "Counsel must provide contemporaneous records documenting the hours worked" for the court to award attorney fees).

This issue, too, is without merit.

*Daily Penalty*

The last issue we consider is an argument that the trial court erred in setting the penalty at $10 per day for the failure to timely turn over the statistics on appeal. We conclude that the trial court did not abuse its discretion in setting the penalty amount.

The PRA gives the trial court discretion to award a prevailing party "an amount not to exceed one hundred dollars for each day that he or she was denied the right to inspect or copy said public record." RCW 42.56.550(4). Determination of a PRA per diem penalty is a two-step process: (1) determine the amount of days the party was denied access to the public record, and (2) determine the appropriate amount of the penalty. *Yousoufian v. Office of Ron Sims*, 168 Wn.2d 444, 459, 229 P.3d 735 (2010). Although the existence or absence of an agency's bad faith is a primary consideration, no

9

showing of bad faith is necessary before a penalty may be imposed on an agency. *Amren*

*v. City of Kalama*, 131 Wn.2d 25, 36-38, 929 P.2d 389 (1997). Also, "a good faith

reliance on an exemption will not exonerate an agency from the imposition of a penalty

where the agency has erroneously withheld a public record." *Id.* at 36.

This court reviews an award of per diem penalties under the PRA for abuse of

discretion. *Yousoufian*, 168 Wn.2d at 458. An abuse of discretion is a manifestly

unreasonable decision or one based on untenable grounds or untenable reasons. *Id.* A

decision also is manifestly unreasonable if the court, despite applying the correct legal

standard, adopts a view no reasonable person would take. *West v. Thurston County*, 168

Wn. App. 162, 187, 275 P.3d 1200 (2012).

In *Yousoufian*, the court set forth guidelines for determining appropriate PRA

violation penalties. *Yousoufian*, 168 Wn.2d at 459-63. Mitigating factors that may

decrease the penalty are as follows:

> (1) a lack of clarity in the PRA request; (2) the agency's prompt response or
> legitimate follow-up inquiry for clarification; (3) the agency's good faith,
> honest, timely, and strict compliance with all PRA procedural requirements
> and exemptions; (4) proper training and supervision of the agency's
> personnel; (5) the reasonableness of any explanation for noncompliance by
> the agency; (6) the helpfulness of the agency to the requestor; and (7) the
> existence of agency systems to track and retrieve public records.

*Id.* at 467 (footnotes omitted). The court also listed aggravating factors that may increase

the penalty:

10

(1) a delayed response by the agency, especially in circumstances making time of the essence; (2) lack of strict compliance by the agency with all the PRA procedural requirements and exceptions; (3) lack of proper training and supervision of the agency's personnel; (4) unreasonableness of any explanation for noncompliance by the agency; (5) negligent, reckless, wanton, bad faith, or intentional noncompliance with the PRA by the agency; (6) agency dishonesty; (7) the public importance of the issue to which the request is related, where the importance was foreseeable to the agency; (8) any actual personal economic loss to the requestor resulting from the agency's misconduct, where the loss was foreseeable to the agency; and (9) a penalty amount necessary to deter future misconduct by the agency considering the size of the agency and the facts of the case.

*Id.* at 467-468 (footnotes omitted).

These factors are nonexclusive and for guidance only. *Id.* at 468. No single factor controls, nor do the factors infringe on the trial court's considerable discretion in determining the appropriate penalty. *Id.*

The trial court did not abuse that discretion here. The trial judge expressly considered all of the *Yousoufian* factors. CP at 418 (stating that he had considered the factors set out at pages 467 and 468 of *Yousoufian*). The court considered that Ms. Strand suffered no economic loss as a result of the lack of disclosure, and that there was no bad faith on the part of the County. *Id.* Only after this consideration did it conclude that $10 per day was appropriate. These were tenable bases for setting the penalty.

The trial court did not abuse its discretion.

11

No. 34190-9-III
*Strand, et al v. Spokane County, et al*

Affirmed.[4]

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

WE CONCUR:

_____
Korsmo, J.

_____
Fearing, C.J.

_____
Siddoway, J.

_____

[4] We also deny Strand's request for attorney fees on appeal. As a pro se litigant, she is not entitled to attorney fees. *E.g.*, *Mitchell v. Dep't of Corrs.*, 164 Wn. App. 597, 608, 277 P.3d 670 (2011). In addition, Strand is not a prevailing party in this action.

12